IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MAGDALENA MARCOS PASCUA, | ) | CIVIL 16-00016 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ONEWEST BANK, NATIONAL | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

On September 6, 2016, Defendant CIT Bank, N.A.,
formerly known as OneWest Bank N.A. ("Defendant"), filed its
Motion to Dismiss or, in the Alternative, for a More Definite
Statement ("Motion"). [Dkt. no. 30.] Pro se Plaintiff Magdalena
Marcos Pascua ("Plaintiff") filed her memorandum in opposition on
September 19, 2016, and Defendant filed its reply on November 7,
2016. [Dkt. nos. 36, 37.] On November 7, 2016, this Court
issued an entering order ("EO") finding this matter suitable for
disposition without a hearing pursuant to Rule LR7.2(d) of the
Local Rules of Practice of the United States District Court for
the District of Hawai`i ("Local Rules"). [Dkt. no. 38.] On
December 7, 2016, Plaintiff filed a document that this Court
construed as an additional memorandum in opposition to the
Motion. [Dkt. nos. 41 (Plaintiff's document), 43 (EO construing
document).] After careful consideration of the Motion,

supporting and opposing memoranda, and the relevant legal
authority, Defendant's Motion is HEREBY GRANTED.  This Court must
DISMISS Plaintiff's case WITH PREJUDICE because the pending state
court case regarding the same property at issue in this case has
priority.

### BACKGROUND

On January 15, 2016, Plaintiff filed her Complaint
under 42 U.S.C. § 1981, Fifth, Ninth, and Fourteenth Amendment of
the U.S. Constitution and 18 U.S.C. § 1028 ("Complaint").  The
Complaint alleges that Defendant has filed an action in state
court to foreclose on Plaintiff's home ("Foreclosure Action").
According to the Complaint, the borrower on the loan that
Defendant is trying to foreclose was Plaintiff's brother,
Napoleon J. Marcos ("Marcos").  Plaintiff alleges that she
purchased the house from Marcos for $200,000, but he subsequently
obtained loans from Defendant totaling over $500,000 using
Plaintiff's home as collateral.  He used the proceeds from the
loan to flee to the Phillipines.  His whereabouts are currently
unknown.  [Complaint at ¶¶ 3-5, 7.]  Plaintiff alleges that
Defendant has attempted a wrongful foreclosure because: the
property is in her name, not Marcos's; she never obtained a loan
from, or entered into a contract with, Defendant; she has never
been a customer of Defendant's; and Defendant is attempting to
collect Marcos's debt from her under the guise of a foreclosure.

[Id. at ¶¶ 3, 6, 8-9.]

The Complaint alleges the following claims: violation of Plaintiff's "federal constitutional rights to property" ("Count I"); [id. at ¶ 13;] and an unspecified claim alleging that Defendant's actions caused Plaintiff to suffer "mental anguish, emotional disturbance, stresses" and caused her to incur damages, including incurring legal fees ("Count II") [id. at ¶ 14]. Plaintiff prays for the following relief: $500,000 in compensatory damages; $500,000 in punitive damages; an injunction precluding Defendant from pursing the Foreclosure Action in state court; attorneys' fees and costs, pursuant to 42 U.S.C. § 1988; and any other appropriate relief. [Id. at pg. 1 & ¶¶ 15-19.]

In the instant Motion, Defendant urges this Court to dismiss the Complaint: 1) based on the prior exclusive jurisdiction doctrine; 2) based on the Colorado River abstention doctrine;[1] or 3) because both Counts I and II fail to state any cognizable claims. In the alternative, Defendant argues that this Court should order Plaintiff to file a more definite statement, pursuant to Fed. R. Civ. P. 12(e).

---

[1] See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976).

## DISCUSSION

### I.   Request for Judicial Notice

Defendant filed a Request for Judicial Notice ("RJN") on September 6, 2016, and an errata to the RJN on December 19, 2016. [Dkt. no. 31.] Defendant asks this Court to take judicial notice of the Complaint for Foreclosure ("Foreclosure Complaint") in the Foreclosure Action – Onewest Bank, FSB v. Napoleon Javier Marcos, et al., Civil No. 13-1-0439-02 – filed in the State of Hawai`i First Circuit Court on February 14, 2013. [RJN, Exh. A (Foreclosure Complaint).]

A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Rule 201(b)(2). This district court has stated:

> [T]he court may not take judicial notice of a matter of public record in order to consider "the truth of the facts recited therein." See [Lee v. City of Los Angeles, 250 F.3d 668,] 690 [(9th Cir. 2001).[2]] The court may only take judicial notice of the existence of the matter. See id. (citing S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999)).

---

[2] Lee has been impliedly overruled on other grounds, as stated in Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

4

> Matters of public record that may be
> judicially noticed include . . . documents filed
> with courts, "both within and without the federal
> judicial system, if those proceedings have a
> direct relation to the matters at issue." <u>United
> States v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th
> Cir. 1992). . . .

<u>Bartolotti v. Maui Mem'l Med. Ctr.</u>, Civil No. 14-00549 SOM/KSC,

2015 WL 4545818, at *3 (D. Hawai`i July 28, 2015).  This Court

therefore GRANTS Defendant's RJN insofar as this Court takes

judicial notice of the filing of the Foreclosure Complaint, but

not the truth of the facts recited therein.  This Court also

takes judicial notice of the proceedings in the Foreclosure

Action.  <u>See</u> Rule 201(c)(1) (court may take judicial notice sua

sponte).

## II.  <u>Prior Exclusive Jurisdiction Doctrine</u>

Defendant first argues that this Court should dismiss

Plaintiff's Complaint pursuant to the prior exclusive

jurisdiction.  The Ninth Circuit has stated:

> Under the Supreme Court's long-standing prior
> exclusive jurisdiction doctrine, if a state or
> federal court "'has taken possession of property,
> or by its procedure has obtained jurisdiction over
> the same,'" then the property under that court's
> jurisdiction "'is withdrawn from the jurisdiction
> of the courts of the other authority as
> effectually as if the property had been entirely
> removed to the territory of another sovereign.'"
> <u>State Engineer v. S. Fork Band of Te-Moak Tribe of
> W. Shoshone Indians</u>, 339 F.3d 804, 809 (9th Cir.
> 2003) (emphasis omitted) (quoting <u>Palmer v. Texas</u>,
> 212 U.S. 118, 125, 29 S. Ct. 230, 53 L. Ed. 435
> (1909)).  That is, when "one court is exercising
> *in rem* jurisdiction over a *res*, a second court
> will not assume *in rem* jurisdiction over the same

> res." Chapman [v. Deutsche Bank Nat'l Trust Co.],
> 651 F.3d [1039,] 1043 [(9th Cir. 2011) (per
> curiam)] (internal quotation marks omitted).  As
> we have explained, "[t]he purpose of the rule is
> the maintenance of comity between courts; such
> harmony is especially compromised by state and
> federal judicial systems attempting to assert
> concurrent control over the *res* upon which
> jurisdiction of each depends." United States v.
> One 1985 Cadillac Seville, 866 F.2d 1142, 1145
> (9th Cir. 1989) (citing Penn Gen. Cas. Co. v.
> Pennsylvania ex rel. Schnader, 294 U.S. 189, 195,
> 55 S. Ct. 386, 79 L. Ed. 850 (1935)).

Sexton v. NDEX W., LLC, 713 F.3d 533, 536 (9th Cir. 2013)

(footnotes omitted).  "[W]hen property is the main subject of a

lawsuit, a court's exercise of jurisdiction over the property in

that lawsuit may be termed 'in rem' jurisdiction, and the

property at issue may be termed the 'res.'"  Id. at 536 n.4

(citing Black's Law Dictionary 864, 1420 (9th ed. 2009) (in

Latin, "in rem" means "against a thing," and "res" means

"thing")).

     The Ninth Circuit has clarified that, although it has

previously "described the prior exclusive jurisdiction rule as

both a 'rule of comity' and as a rule of subject-matter

jurisdiction," id. at 536 n.5 (quoting Chapman, 651 F.3d at

1044), it is "a prudential (although mandatory) common law rule

of judicial abstention."  Id. (citations omitted).  In other

words, the doctrine is not jurisdictional.  Chapman v. Deutsche

Bank Nat. Trust Co., 649 F. App'x 638, 639 (9th Cir. 2016)

(citing Sexton v. NDEX West, LLC, 713 F.3d 533, 536 n.5 (9th Cir.

6

2013)).

> To determine whether prior exclusive jurisdiction
> applies, the Court first must evaluate the
> priority of the actions.  In [Chapman v. Deutsche
> Bank Nat'l Trust Co. ("]Chapman I["]), the Ninth
> Circuit determined priority by comparing the
> filing date of the concurrent unlawful detainer
> action with the date when the notice of removal
> was filed in the federal quiet title action.
> Chapman I, 651 F.3d at 1044.  Because the unlawful
> detainer case was filed in state court before the
> notice of removal was filed with the federal
> court, the unlawful detainer action had priority.
> Id. at 1045. . . .

> The second issue the Court must determine is
> how to characterize the concurrent actions.  If
> both of the pending actions are in rem or quasi in
> rem, the prior exclusive jurisdiction doctrine
> applies. . . .

Gustafson v. Bank of Am., N.A., Case No. 16cv1733 BTM(KSC), 2016

WL 7438326, at *6 (S.D. Cal. Dec. 27, 2016).  This district court

has stated that:

> "*Quasi in rem* jurisdiction differs from *in rem*
> jurisdiction only in that *in rem* jurisdiction
> affects the interests of all persons in a
> designated property, whereas *quasi in rem*
> jurisdiction affects the interests of particular
> persons." Hanover Ins. Co. v. Fremont Bank,
> No. C-14-01519 DMR, --- F. Supp. 3d ----, 2014 WL
> 4744398, at *14 n.19 (N.D. Cal. Sept. 22, 2014)
> (citing Hanson v. Denckla, 357 U.S. 235, 246 n.12
> (1958)).  On the other hand, an action *in personam*
> is "[i]nvolving or determining the personal rights
> and obligations of the parties" or is "brought
> against a person rather than property." Id.

U.S. Bank Nat. Ass'n v. Martin, Civil No. 15-00061 DKW-BMK, 2015

WL 2227792, at *7 n.3 (D. Hawai`i Apr. 23, 2015) (alteration in

Martin), *report and recommendation adopted*, 2015 WL 2234320

(May 12, 2015).

In the instant case, the Foreclosure Action was filed over three years before this case. Further, based on the docket sheet for the Foreclosure Action – available on the State of Hawai`i Judiciary's hoohiki.courts.hawaii.gov website – the Foreclosure Action is still pending. Plaintiff is among the defendants in the Foreclosure Action. The Foreclosure Action therefore has priority and, if both pending actions are *in rem* or *quasi in rem*, the prior exclusive jurisdiction doctrine applies.

Under Hawai`i law, the Foreclosure Action is an *in rem* proceeding. Cf. Serion v. Thornton, 104 Hawai`i 79, 86, 85 P.3d 186, 193 (Ct. App. 2004) ("[T]ax sale foreclosures are *in rem* proceedings that are based on jurisdiction over the property involved, rather than jurisdiction over the taxpayer." (citing Richard R. Powell, 5 Powell on Real Property § 39.04[4] at 39-51 (2000))). The characterization of Plaintiff's claims in the instant case:

> is based not on its form but on the gravamen of the complaint. Chapman I, 651 F.3d at 1044. "We reject the suggestion that where a merits claim and a declaratory relief claim are combined in one action a different abstention inquiry is required for each claim. Such a rule would increase, not decrease, the likelihood of piecemeal adjudication or duplicative litigation . . . ." 40235 Washington Street Corp. v. Lusardi, 976 F.2d 587, 589 (9th Cir. 1992) (per curiam); see also Azucena v. Aztec Foreclosure Corp., 536 Fed. Appx. 759, 760 (9th Cir. 2013) ("Although Azucena's complaint alleges three claims, her quiet title action is the gravamen of her complaint. The nature of her

> claim does not change because she requests
> monetary damages in addition to the central relief
> — quiet title — she requests.").

See Gustafson, 2016 WL 7438326, at *6.  Although Plaintiff

alleges constitutional violations and infliction of emotional

distress, the gravamen of her Complaint is that she is

challenging Defendant's ability to bring the Foreclosure Action.

This Court therefore CONCLUDES that the instant case is an *in rem*

– or at least a *quasi in rem* – action.

Because both actions are either *in rem* or *quasi in rem*,

the prior exclusive jurisdiction rule applies.  This Court

CONCLUDES that Plaintiff's Complaint fails to state a claim upon

which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).[3]  The

Ninth Circuit has stated that, "[u]nless it is absolutely clear

that no amendment can cure the defect . . . a pro se litigant is

entitled to notice of the complaint's deficiencies and an

opportunity to amend prior to dismissal of the action."  Lucas v.

Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).  Because this

Court CONCLUDES that it is absolutely clear that no amendment can

cure the defect in the instant case, this Court GRANTS the Motion

and DISMISSES Plaintiff's Complaint WITH PREJUDICE.[4]  In other

---

[3] Fed. R. Civ. P. 12(b) states, in pertinent part, that "a
party may assert the following defenses by motion: . . .
(6) failure to state a claim upon which relief can be granted."

[4] In light of this Court's ruling, it is not necessary to
address Plaintiff's other arguments.  This Court emphasizes that
(continued...)

9

words, Plaintiff cannot file an amended complaint in this case.

<u>**CONCLUSION**</u>

On the basis of the foregoing, Defendant's Motion to Dismiss or, in the Alternative, for a More Definite Statement, filed September 6, 2016, is HEREBY GRANTED, insofar as Plaintiff's Complaint under 42 U.S.C. § 1981, Fifth, Ninth, and Fourteenth Amendment of the U.S. Constitution and 18 U.S.C. § 1028, filed on January 15, 2016, is HEREBY DISMISSED WITH PREJUDICE, pursuant to the prior exclusive jurisdiction doctrine. There being no remaining claims in this case, this Court DIRECTS the Clerk's Office to close the instant case on **February 27, 2017**, unless Plaintiff files a motion for reconsideration of the instant Order by **February 14, 2017**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 31, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MAGDALENA MARCOS PASCUA VS. ONEWEST BANK NATIONAL ASSOCIATION; CIVIL 16-00016 LEK-KJM; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

---

[4](...continued)
the dismissal of Plaintiff's Complaint is based on the prudential prior exclusive jurisdiction doctrine, and this Court makes no findings or conclusions about the merits of Plaintiff's claims.