IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MAGDALENA MARCOS PASCUA, | ) | CIVIL 16-00016 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ONEWEST BANK, NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S "MOTION FOR THE COURT TO REVISIT AND RECONSIDER ITS' PRIOR DECISION AND RULE ACCORDINGLY TO NOTICING THAT THE TWO ARE DISTINCT FROM EACH OTHER"**

On January 31, 2017, this Court issued its Order Granting Defendant's Motion to Dismiss or, in the Alternative, for a More Definite Statement ("1/31/17 Order"). [Dkt. no. 45.] On February 13, 2017, pro se Plaintiff Magdalena Marcos Pascua ("Plaintiff") filed a timely motion for reconsideration of the 1/31/17 Order ("Motion for Reconsideration").[1] [Dkt. no. 45.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").

---

[1] Plaintiff filed her "Complaint under 42 U.S.C. § 1981, Fifth, Ninth, and Fourteenth Amendment of the U.S. Constitution and 18 U.S.C. § 1028" ("Complaint") on January 15, 2016.

## **DISCUSSION**

This Court has previously stated that a motion for reconsideration

> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted). This district court recognizes three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice." Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawaii May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). "Mere disagreement with a previous order is an insufficient basis for reconsideration." Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).

The majority of Plaintiff's Motion for Reconsideration argues that this Court failed to take into account the fact that she is proceeding pro se. It is true that this Court must liberally construe Plaintiff's pleadings because she is proceeding pro se. See, e.g., Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the

federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))). Although not expressly stated in the 1/31/17 Order, this Court did liberally construe Plaintiff's Complaint in light of the fact that she is proceeding pro se.  Thus, to the extent that Plaintiff seeks reconsideration of the 1/31/17 Order because this Court failed to consider her pro se status, the Motion for Reconsideration is DENIED.

Plaintiff also argues that this Court should reconsider the 1/31/17 Order "because Defendant did not cite res judicata, or collateral estoppel," and because the instant case and the pending foreclosure action against her in state court ("Foreclosure Action") "are distinct from each other."  [Motion for Reconsideration at 1.]  However, the 1/31/17 Order did not rely on either res judicata or collateral estoppel.  This Court dismissed Plaintiff's Complaint pursuant to the prior exclusive jurisdiction doctrine.  [1/31/17 Order at 5-9.]  Plaintiff's argument regarding res judicata and collateral estoppel does not show that there has been either an intervening change in the law or newly discovered evidence since this Court issued the 1/31/17 Order.  Further, her argument does not show that reconsideration of the 1/31/17 Order is necessary to correct a clear legal error. As to Plaintiff's res judicata and collateral estoppel argument,

her Motion for Reconsideration is DENIED.

Finally, Plaintiff reiterates her allegation that Defendant CIT Bank, N.A., formerly known as OneWest Bank N.A. ("Defendant") is suing the wrong person in the Foreclosure Action.  However, the 1/31/17 Order stated that, because of the dismissal of Plaintiff's Complaint based on the prior exclusive jurisdiction doctrine, this Court made no findings or conclusions about the merits of her claims.  [1/31/17 Order at 9-10 n.4.]  In other words, this Court could not determine whether or not Defendant sued the proper party in the Foreclosure Action.  To the extent that the Motion for Reconsideration argues that this Court should have addressed Plaintiff's claims on the merits, the Motion for Reconsideration is DENIED.

## CONCLUSION

On the basis of the foregoing, Plaintiff's "Motion for the Court to Revisit and Reconsider Its' Prior Decision and Rule Accordingly to Noticing that the Two Are Distinct from Each Other," filed February 13, 2017, is HEREBY DENIED.  There being no remaining claims in this case, this Court DIRECTS the Clerk's Office to close the case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 16, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MAGDALENA MARCOS PASCUA VS. ONEWEST BANK, NATIONAL ASSOCIATION; CIVIL 16-00016 LEK-KSC; ORDER DENYING PLAINTIFF'S "MOTION FOR THE COURT TO REVISIT AND RECONSIDER ITS' PRIOR DECISION AND RULE ACCORDINGLY TO NOTICING THAT THE TWO ARE DISTINCT FROM EACH OTHER"**